IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| **WESTROCK CP, LLC,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| | ) | |
| **v.** | ) | |
| | ) | |
| **JAMES C. JUSTICE COMPANIES,** | ) | **CIVIL ACTION** |
| **INC., SOUTHERN COAL** | ) | **FILE NO. _____** |
| **CORPORATION, and KENTUCKY** | ) | |
| **FUEL CORPORATION,** | ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | |

## COMPLAINT

COMES NOW Plaintiff WestRock CP, LLC ("Plaintiff" or "WestRock"), and files this Complaint against the above-named Defendants, respectfully showing the Court as follows:

### PARTIES, JURISDICTION AND VENUE

1.     WestRock is a limited liability company.   Plaintiff's sole member is WestRock RKT Company which is a corporation incorporated in Georgia and which maintains its principal place of business in Norcross, Georgia.

30757530 v1

2.     Defendant Southern Coal Corporation ("SCC") is a Delaware corporation with its principal place of business located at 302 S. Jefferson Street, Roanoke, Virginia 24011.  SCC may be served through its registered agent, CT Corporation System at the company's registered address located at 306 West Main Street, Suite 512, Frankfort, Kentucky 40601, or through an appropriate agent at the company's offices.

3.     Defendant Kentucky Fuel Corporation ("KFC") is a Delaware corporation with its principal place of business located at 302 S. Jefferson Street, Roanoke, Virginia 24011.  KFC may be served through its registered agent, CT Corporation System at the company's registered address located at 306 West Main Street, Suite 512, Frankfort, Kentucky 40601, or through an appropriate agent at the company's offices.

4.     Defendant James C. Justice Companies, Inc. ("JCJC," and together with SCC and KFC, "Defendants") is a Delaware corporation with its principal place of business located at 302 S. Jefferson Street, Roanoke, Virginia 24011.  JCJC may be served through its registered agent, CT Corporation System at the company's registered address located at 306 West Main Street, Suite 512, Frankfort, Kentucky 40601, or through an appropriate agent at the company's offices.

5.     This Court has subject matter jurisdiction over this action under 28 U.S.C. § 1332 because WestRock is a citizen of Georgia, and SCC, KFC and JCJC are each citizens of Delaware and Virginia.  Therefore, there is complete diversity of citizenship

30757530 v1

2

of the parties.  In addition, the amount in controversy exceeds the amount of $75,000.00,

exclusive of interest and costs.

6.     Defendants are subject to personal jurisdiction in Georgia because they have

transacted business with WestRock within Georgia which is the subject of this lawsuit.

Also, Defendants have consented to jurisdiction in Georgia courts for this lawsuit, and

they have each covenanted not to challenge the Court's jurisdiction over Defendants.

7.     Venue is proper in this District and Division under 28 U.S.C. § 1391

because this is the District and Division in which a substantial part of the events or

omissions giving rise to the claims occurred and Defendants have consented to venue

here.   This District and Division are also where the Defendants are each subject to

personal jurisdiction at the time this action is commenced, if there is no District in which

this action may otherwise be brought.

## STATEMENT OF FACTS

8.     On December 22, 2016, after a jury trial, the United States District Court for

the Eastern District of Kentucky (the "Kentucky District Court"), entered judgment in

favor of WestRock and against Southern Coal Sales Corporation ("SCSC") in the amount

of $1,344,949.96 (the "Judgment") in Case No. 6:15-cv-00018-DCR.

9.     SCSC initially appealed the Judgment, but pursuant to that certain

Settlement and Forbearance Agreement (the "Settlement Agreement") entered into

between SCSC and WestRock, SCSC dismissed the appeal rendering the Judgment final and non-appealable.

10.    In the Settlement Agreement, WestRock and SCSC agreed that WestRock would forbear from execution on the Judgment so long as SCSC (or its designee) made payments in accordance with the terms of a payment schedule.  A true and correct copy of the Settlement Agreement is attached hereto as Exhibit A, and incorporated herein.

11.    Each of the Defendants has a direct or indirect interest in SCSC and each has common stockholders and officers with SCSC.  Additionally, Defendants benefited from WestRock's agreement to forbear from the execution and collection on the Judgment while SCSC was performing the payment plan.

12.    As part of, and to induce WestRock to enter into, the Settlement Agreement, Defendants each agreed to unconditionally guarantee SCSC's obligations to WestRock and in accordance with the terms of each's "Guaranty of Payment" (the "Guaranties"). True and correct copies of the Guaranties for JCJC, KFC, and SCC are attached hereto as Exhibits B, C, and D, respectively, and incorporated herein.

13.    Pursuant to the terms of the Guaranties, Defendants irrevocably and unconditionally guaranteed to WestRock "the payment and performance of the Guaranteed Obligations . . . as and when the same shall be due and payable, whether by lapse of time or otherwise." (Exs. B-D, ¶ 2.1).  The term "Guaranteed Obligations,"

means "the payment in full of the entire amount owed to [WestRock] by SCSC under the Judgment, the [Settlement] Agreement, and in accordance with the Payment Schedule." (Exs. B-D, ¶ 2.3).

14.    The Settlement Agreement and each of the Guaranties provide that if SCSC were to default under the Settlement Agreement, then beginning on the day of default, the principal amount owed on the Judgment shall accrue interest at 12% per annum, and WestRock shall be entitled to recover its reasonable attorneys' fees and costs incurred in collecting the indebtedness beginning on the last day of the cure period until the day the debt is paid in full.  (Ex. A, ¶ 7; Exs. B-D, ¶¶ 3.4, 3.5).

15.    SCSC made the first three payments under the Settlement Agreement in the total amount of $386,360.88, with $379,039.73 being applied to the principal balance owed on the Judgment, and $7,321.15 as accrued interest.

16.    SCSC failed to pay the fourth scheduled payment due on October 16, 2017. Accordingly, WestRock sent notice of the default to SCSC and allowed SCSC the opportunity to cure the default in accordance with the terms of the Settlement Agreement. A true and correct copy of WestRock's October 17, 2017 email to SCSC notifying it of the default and allowing the opportunity to cure, is attached hereto as Exhibit E, and incorporated herein.

17.    Under the terms of the Settlement Agreement, SCSC had until 5:00 pm, Eastern time, on October 20, 2017 to cure the default.

18.    SCSC failed to cure the default on or before October 20, 2017.

19.    SCSC has not made a payment to WestRock since the payment received by WestRock on or about September 15, 2017.

20.    Under the terms of the Guaranties, Defendants expressly agreed that "[u]pon SCSC's default under the terms of the [Settlement] Agreement . . . [WestRock] has the right to require [Defendants] to pay, comply with and satisfy the Guarantied Obligations under [the Guaranties], and further has the right to proceed immediately against [Defendants] . . . with respect thereto." (Exs. B-D, ¶ 3.3).

21.    On October 30, 2017, WestRock made demand for payment upon each of the guarantors, JCJC, KFC and SCC, under the terms of the Guaranties.  A true and correct copy of WestRock's letter to Defendants dated October 30, 2017 is attached hereto as Exhibit F, and incorporated herein.

22.    Defendants' counsel responded to WestRock's demand on Defendants by indicating that payment from the guarantors is not "going to be an option."

23.    Defendants are in default of their Guaranties for refusing to pay the amounts due thereunder to WestRock.

24.     As of November 6, 2017, the indebtedness owed under the Guaranties is $975,249.24 which consists of $965,912.23 of principal, $3,863.52 of accrued pre-default interest, and $5,473.49 of post-default interest.   Interest accrues at the post-default per diem rate of $321.97 from October 20, 2017.

25.     In addition, Defendants each agreed to pay all of WestRock's post-default costs of collection, including attorneys' fees and other costs.

26.     Under the Guaranties, Defendants agreed to "have liability for the payment of any Special Damages," which are defined as "reasonable actual attorneys' fees, and costs of collection arising out of or in connection with SCSC's promises and covenants under the [Settlement] Agreement and [Defendants'] promises and covenants under [the Guaranties]." (Exs. B-D).

27.     The Guaranties further state that Defendants agreed "to pay all costs incurred by [WestRock] in collecting any amount payable under [the Guaranties] or enforcing or protecting its rights under the [Settlement] Agreement, in each case whether or not legal proceedings are commenced" and agreed that "[s]uch fees and expenses shall be in addition to the Guaranteed Obligations, and shall include, without limitation, reasonable and actual costs and expenses of both in-house and outside counsel . . ." (Exs. B-D, ¶ 3.5).

28.    In sum, as of November 6, 2017, Defendants are liable to WestRock in the amount of $975,249.24, plus WestRock's costs, expenses and attorneys' fees incurred in this matter from October 20, 2017 until the total indebtedness is paid in full under the terms of the Guaranties.

## COUNT ONE – BREACH OF GUARANTIES
### (All Defendants)

29.    WestRock incorporates all of the allegations set forth above as if fully set forth herein.

30.    Defendants unconditionally guaranteed the performance and payment of the amounts owed by SCSC.

31.    SCSC has defaulted under the Settlement Agreement and each of the Defendants is jointly and severally liable to WestRock under their Guaranties.

32.    Defendants have breached their Guaranties by refusing to pay as agreed under their Guaranties.

33.    The indebtedness owed under the Guaranties as of November 6, 2017 is $975,249.24.  Interest accrues in the per diem amount of $321.97 from October 20, 2017.

34.    Defendants are liable, jointly and severally, for the total indebtedness owed under the Settlement Agreement and Guaranties in the amounts specified herein, plus additional accrued post-default interest through judgment.

## COUNT TWO – ATTORNEYS' FEES
### (All Defendants)

35.     WestRock incorporates all of the allegations set forth above as if fully set forth herein.

36.     WestRock has incurred attorneys' fees and court costs, and continues to incur attorneys' fees and court costs, arising out of and resulting from Defendants' breaches of the Guaranties.

37.     The Guaranties provide that Defendants must indemnify WestRock for all of WestRock's expenses, including attorneys' fees and court costs, arising out of or resulting from Defendants' breaches of the Guaranties.   (See Exs. B-D, ¶ 2.2). WestRock's expenses incurred in collecting the indebtedness from the Defendants from October 20, 2017 through the date of payment by the Defendants to WestRock accrue interest in the amount of 12% per annum from demand. (Exs. B-D, ¶ 3.5).

38.     WestRock has put Defendants on notice of SCSC's breach of the Settlement Agreement and Defendants' breach of the Guaranties, as well as WestRock's expenses and attorneys' fees incurred as of October 30, 2017.  (See Ex. E).  Defendants have failed and refused to comply with their contractual obligations.

39.     Defendants have acted in bad faith, have been stubbornly litigious, and have caused WestRock unnecessary trouble and expense in this matter, as described herein.

WestRock is thus entitled to recover its attorneys' fees and expenses of litigation actually incurred in this matter under O.C.G.A. § 13-6-11.

40.     To the extent applicable, WestRock hereby notifies Defendants that if the past due indebtedness in the amount identified above is paid in full within 10 days of service of this Complaint, pursuant to O.C.G.A. § 13-1-11, then Defendants shall have no liability for WestRock's attorneys' fees.  If the principal and interest identified above are not paid in full within 10 days of the service of this Complaint, then WestRock is entitled to its reasonable attorney's fees equal to 10% of the total principal and accrued interest due at the time of judgment.

WHEREFORE, WestRock respectfully prays as follows:

(a)     that process issue and each of the Defendants be served with process in accordance with the law;

(b)     for a judgment against each of the Defendants in the amounts specified in each of the Counts above, including additional interest that accrues between the filing of this Complaint and the day of the entry of judgment;

(c)     that the Court award a judgment in WestRock's favor for WestRock's expenses and attorney's fees, plus interest thereon; and

(d)     for such other and further relief for WestRock as this Court deems just and proper in the circumstances.

Respectfully submitted this 8th day of November, 2017.

/s/ *John O'Shea Sullivan*
John O'Shea Sullivan
Georgia Bar No. 691305
ssullivan@burr.com
Tala Amirfazli
Georgia Bar No. 523890
tamirfazli@burr.com

Attorneys for Plaintiff WestRock CP, LLC

BURR & FORMAN LLP
171 Seventeenth Street, N.W., Suite 1100
Atlanta, Georgia  30363
Telephone: (404) 815-3000
Facsimile: (404) 817-3244

30757530 v1                                  11