# Exhibit A

## SETTLEMENT AND FORBEARANCE AGREEMENT

This Settlement and Forbearance Agreement (this "Agreement") is made and entered into as of September 1, 2017 by and between WestRock CP, LLC f/k/a RockTenn CP, LLC ("RockTenn"), on the one hand, and Southern Coal Sales Corporation ("SCSC"), on the other hand. RockTenn and SCSC are hereafter referred to collectively as the "Parties" or singularly as a "Party."

## RECITALS

WHEREAS, on January 12, 2015, SCSC filed a Complaint against RockTenn in the Circuit Court of Harlan, Kentucky styled <u>Southern Coal Sales Corporation v. RockTenn CP, LLC</u>, Civil Action No. 15-CI-00016 (the "Civil Action"), wherein SCSC asserted claims against RockTenn arising out of a coal supply agreement between SCSC and RockTenn (the "Supply Agreement"), under which SCSC agreed to sell and RockTenn agreed to purchase coal in accordance with the terms in the Supply Agreement;

WHEREAS, on February 9, 2015, RockTenn removed the Civil Action to the United States District Court for the Eastern District of Kentucky (the "District Court"), where it was assigned Case No. 6:15-cv-00018-DCR;

WHEREAS, on February 11, 2015, RockTenn filed its Answer and Counterclaims against SCSC, wherein RockTenn asserted claims against SCSC arising out of the Supply Agreement for breach of contract and indemnification;

WHEREAS, by Order dated October 6, 2016, the District Court, among other things, granted RockTenn's motion for summary judgment in favor of RockTenn with respect to SCSC's claims against RockTenn and with respect to RockTenn's claims against SCSC, leaving the issue and amount of damages incurred by RockTenn to be determined at trial (the "Summary Judgment Order");

WHEREAS, as reflected in the Judgment entered by the District Court on December 22, 2016, after a jury trial, the jury unanimously found in favor of RockTenn in the total amount of $1,344,949.96 (the "Judgment");

WHEREAS, on January 18, 2017, SCSC filed a Notice of Appeal on the Judgment to the United States Court of Appeals for the Sixth Circuit (the "Court of Appeals");

WHEREAS, as part of this Agreement, on June 28, 2017, SCSC dismissed the appeal thereby making the Judgment final and non-appealable; and

WHEREAS, the Parties have agreed to a resolution of the Judgment whereby RockTenn will forbear from execution on the Judgment as long as SCSC (or its designee) makes payments in accordance with this Agreement, among other covenants and agreements described herein.

NOW, THEREFORE, in consideration of the mutual promises and covenants of the Parties hereto, and for other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, it is hereby expressly agreed as follows:

1. **Payment to RockTenn.** SCSC (or its designee) shall make all of the payments to RockTenn in the amounts and on the dates set forth in the schedule attached hereto as Exhibit "A" (the "Payment Schedule"). The first payment of $250,000.00 and second payment of $68,180.44 have been paid by SCSC, and the remaining sixteen (16) payments to RockTenn shall be made on or before the 15th of each month beginning on September 15, 2017 and ending with a final payment on or before December 15, 2018, and will accrue 4% interest per annum on a 360 day basis. The parties agree that as part of the consideration for this Agreement, the Judgment will accrue interest as provided herein and not as provided in the Judgment or 28 U.S.C. § 1961(a). If a due-date falls on a weekend or federal holiday, the payment shall be due on the next business day. SCSC shall be given credit on the Judgment amount for the principal

amount of each payment as reflected in the Payment Schedule, but there will be no credit to the Judgment for the interest component of each payment.

2. **Payment Delivery.** Payment under this Agreement (and specifically Paragraph 1 of this Agreement) shall be by check payable to WestRock CP, LLC and delivered to RockTenn, ATTN: John Stakel, 504 Thrasher Street, Norcross, Georgia 30071. If SCSC wishes to make any payment by wire transfer, then SCSC shall follow the wire instructions attached hereto as Exhibit B.

3. **Time is Of the Essence.** Time is of the essence in this Agreement. If SCSC does not make a scheduled payment, it shall have three (3) business days to cure upon notice of the non-payment to SCSC's counsel, John Kelley, by email to jfkelley@kbblaw.net and Dustin Deane, by email to dustin.deane@bluestoneindustries.com. RockTenn's sole obligation for notice to trigger the cure period is to send the email to Mr. Kelley and Mr. Deane addressed to the email addresses identified above and it shall not be a defense or excuse to SCSC if Mr. Kelley and/or Mr. Deane are not receiving emails due to technical difficulties with their email systems, or if Mr. Kelley and/or Mr. Deane are on vacation, or other matters outside RockTenn's control. Notice shall be deemed complete under this Paragraph upon sending the email, not receipt thereof. The cure payment must be in the total amount of the scheduled payment, plus five percent (5%) of such payment amount as a late fee. If RockTenn has not received good funds for the missed payment on or before 5:00 pm, Eastern time on the third business day after the email to Mr. Kelley and Mr. Deane, then RockTenn's forbearance obligation under this Agreement shall immediately terminate and RockTenn may conduct collection activities on the Judgment. SCSC shall be entitled to cure under this Paragraph only two times during the term of this Agreement. If, after SCSC cures two missed payments under this Paragraph, it misses a

payment or makes another late payment or makes a payment in an insufficient amount, the defective payment or non-payment shall be an automatic default that shall immediately terminate RockTenn's forbearance obligations hereunder at 5:00 pm Eastern time on the day the missed or otherwise defective payment is due.

4. **RockTenn's Forbearance and Covenant Not to Sue.** So long as SCSC is not in default of this Agreement, including its payment obligations described above and in accordance with the terms of the Payment Schedule, RockTenn shall forbear from taking any action to collect the balance owed on the Judgment. All writs of execution already issued shall remain, but RockTenn shall take no action to enforce them while RockTenn's forbearance obligations in this Agreement are in effect.

5. **Right to Prepay.** RockTenn agrees that SCSC shall have the right (but not the obligation) to prepay some or all of the payments set forth in the Payment Schedule. In the event that SCSC prepays part of a payment in advance, the amount prepaid shall be applied to the overall principal balance owed on the Judgment, but all subsequent monthly payments shall remain as shown in the Payment Schedule until the principal amount of the Judgment is paid in full.

6. **Guaranties.** This Agreement is conditioned upon the delivery to RockTenn of a Guaranty of Payment of SCSC's obligations hereunder, in such form that is acceptable to RockTenn in its sole discretion, from each of the following companies in which each either has a direct or indirect interest in SCSC and each of which has common stockholders and officers with SCSC: James C. Justice Companies, Inc., Kentucky Fuel Corporation, and Southern Coal Corporation (collectively, the "Guarantors"). This Agreement is also conditioned upon the delivery to RockTenn of the latest monthly financials of each of the Guarantors, certified by the

chief financial or chief executive officer of each Guarantor, as being true, complete, and correct as of the date of this Agreement.

7. **Default of Payment Plan.** If SCSC defaults on the Payment Schedule which results in a termination of RockTenn's forbearance obligation as described in this Agreement, (i) beginning on the day of default, the principal amount of the Judgment shall accrue interest at 12% per annum, and (ii) RockTenn shall be entitled to recover its reasonable attorneys' fees and costs incurred in this matter beginning on the last day of the cure period until the day the Judgment is paid in full.

8. **Dismissal With Prejudice of Appeal.** SCSC has filed a Stipulation to Dismiss with prejudice of the Appeal on June 28, 2017. The Stipulation to Dismiss the Appeal has also been filed in the District Court. SCSC agrees that the Judgment is final and non-appealable. SCSC hereby waives any right to challenge, and covenants not to challenge, the Judgment in any court for any reason under any legal or factual theory.

9. **Mutual Release.** Effective only at the time that SCSC has fully complied with all terms of this Agreement, including the timely payment of all amounts due hereunder, RockTenn, on the one hand, and SCSC, on the other hand, for themselves, their predecessors, successors, assigns, parent companies, subsidiaries, unincorporated associations, affiliates, partners, agents, landlords, tenants, employees, contractors, subcontractors, franchisees, officers, directors, owners, shareholders, members, principals, insurers, insureds, attorneys, and representatives of any kind, release and forever discharge each other, including without limitation their predecessors, successors, assigns, parent companies, subsidiaries, unincorporated associations, affiliates, partners, agents, landlords, tenants, employees, contractors, subcontractors, franchisees, officers, directors, owners, shareholders, members, principals, insurers, insureds,

attorneys, representatives of any kind, and related entities, from any and all claims, demands, damages, debts, liabilities, obligations, contracts, agreements, causes of action, suits and costs, of whatever nature, character or description, whether known or unknown, suspected or unsuspected, anticipated or unanticipated, which they have, may have or may hereafter have or claim to have against each other, from the beginning of time up and through the date of this Agreement, arising out of or relating in any way to the Supply Agreement and/or the Civil Action. After the final payment is made hereunder, RockTenn shall release any and all executions, liens, attachments, garnishments, and other encumbrances once the final payment is made. Likewise, after the final payment is made hereunder, RockTenn shall execute and consent to the entry of an acknowledgement to be prepared by SCSC confirming satisfaction of the Judgment that SCSC may file in the District Court record and any other forum where the Judgment may have been entered, at SCSC's expense. The Parties specifically agree that this release shall not become effective unless and until SCSC completes performance of all of its obligations hereunder.

10. **Release of Guarantors.** Upon written request by SCSC, and only after SCSC has made all the payments required hereunder in a timely manner, RockTenn shall execute a Release of Guaranty for each guarantor of SCSC's obligations hereunder in the form attached hereto as Exhibit C.

11. **Advice of Attorneys.** The Parties have entered into this Agreement freely, and each party has had the opportunity to seek the advice of an attorney and appropriate tax and other advisors. The Parties hereby confirm that they understand that the facts relating to the claims asserted in the Civil Action may turn out to be other than or different from the facts now known or believed to be true; the Parties knowingly assume that risk and acknowledge and agree that this Agreement shall remain in effect and shall not be subject to termination or revocation by

reason of any such different facts. Each Party acknowledges that it fully understands and consents to the terms of the Agreement.

12. **Amendment.** This Agreement can only be amended or modified by a writing duly executed by each party hereto.

13. **Governing Law; Consent to Jurisdiction; Choice of Venue.** This Agreement, as well as the Parties' rights and obligations hereunder, shall be in all respects interpreted, enforced, and governed by and under the laws of the state of Georgia. With respect to any suit, action or proceeding relating to this Agreement (each a "Proceeding"), the Parties hereby irrevocably: (a) agree that any such Proceeding shall be commenced, brought, tried, litigated and consummated in the Georgia state or federal courts located in the counties serviced by the United States District Court for the Northern District of Georgia, (b) submit to the exclusive jurisdiction of the Georgia state and federal courts located in the counties serviced by the United States District Court for the Northern District of Georgia, and (c) waive any objection which they may have at any time to the laying of venue of any Proceeding brought in any such court, waive any claim that the Proceeding brought in any such court has been brought in an inconvenient forum, and further waive the right to object, with respect to such Proceeding, that any such court does not have jurisdiction over such Party.

14. **Severability.** This Agreement is intended to be performed in accordance with and to the extent permitted by all applicable laws, ordinances, rules and regulations. If any provision of this Agreement or application thereof to any person, corporation, or entity or circumstance shall, for any reason and to any extent, be invalid or unenforceable, the remainder of this Agreement and the application of such provision to other persons or circumstances should not be affected thereby but rather shall be enforced to the fullest extent permitted by law.

15. **Multiple Counterparts and Facsimile Execution.** This Agreement may be executed in multiple original counterparts, each of which shall be enforceable against the party signing it, and original signature pages transmitted by facsimile or PDF shall have the same force and effect as delivery of an original signature.

16. **Entire Understanding.** The Judgment shall remain in full force and effect until the full and complete performance of this Agreement, but this Agreement and its exhibits contain the entire understanding and agreement by and between the Parties hereto and this Agreement supersedes and terminates any prior understandings, agreements or negotiations between the parties, whether oral or written. None of the Parties are relying on any promises, representations, communications, statements, assertions, declarations, omissions, agreements, arrangements or understandings, oral or written, which are not fully expressed herein. Additionally, the consideration recited herein is the full, complete and entire consideration for this Agreement, and there is no further consideration to be paid or exchanged by any party to any other party other than as recited herein.

17. **Capacity.** The Parties to this Agreement and the individuals executing this Agreement for and on behalf of each named Party to this Agreement represent: that it is possessed of legal and mental capacity to enter into this Agreement; that it is acting within the scope of its authority to enter into and execute this Agreement; and that it has not sold, assigned, transferred, conveyed or otherwise disposed of the claims, demands, obligations, or causes of action referred to in this Agreement. This instrument has been read by the Parties, who understand the contents, have the legal and mental capacity to agree to it, and each Party is satisfied with the Agreement and the same shall be binding upon each of them, their successors, representatives, officers, directors, agents, employees and assigns.

IN WITNESS WHEREOF, the Parties hereto have set their hand and seal on the dates reflected below.

**WESTROCK CP, LLC f/k/a ROCKTENN CP, LLC**

By: _____
Name: _____ [SEAL]
Title: _____
Date: _____

**SOUTHERN COAL SALES CORPORATION**

By: _*(signature)*_
Name: Stephen W. Ball     [SEAL]
Title: Vice President
Date: Sept. 8, 2017

IN WITNESS WHEREOF, the Parties hereto have set their hand and seal on the dates reflected below.

| WESTROCK CP, LLC f/k/a ROCKTENN CP, LLC | SOUTHERN COAL SALES CORPORATION |
|---|---|
| By: *[signature]* | By: _____ |
| Name: John Stakel   [SEAL] | Name: _____   [SEAL] |
| Title: Sr. V.P. Treasurer | Title: _____ |
| Date: 9-13-17 | Date: _____ |

## EXHIBIT A

## Payment Schedule

| Amount Owed | $ 1,344,951.96 | | | | |
|---|---|---|---|---|---|
| Upfront Payment | $ 250,000.00 | | | | |
| Remaining Principal | $ 1,094,951.96 | | | | |
| Payment Dates | 15th day of each month with first payment made July 15, 2017 | | | | |
| Interest Rate | 4% per annum on a 360 day basis | | | | |
| | | | | | |
| Payment # | Due Date | Principal | Interest | Total Payment | |
| 1 | 7/15/2017 | $250,000.00 | $0.00 | $250,000.00 | $1,094,951.96 |
| 2 | 8/15/2017 | $64,408.94 | $3,771.50 | $68,180.44 | $1,030,543.02 |
| 3 | 9/15/2017 | $64,408.94 | $3,549.65 | $67,958.59 | $966,134.08 |
| 4 | 10/15/2017 | $64,408.94 | $3,220.45 | $67,629.39 | $901,725.14 |
| 5 | 11/15/2017 | $64,408.94 | $3,105.94 | $67,514.88 | $837,316.20 |
| 6 | 12/15/2017 | $64,408.94 | $2,791.05 | $67,199.99 | $772,907.27 |
| 7 | 1/15/2018 | $64,408.94 | $2,662.24 | $67,071.17 | $708,498.33 |
| 8 | 2/15/2018 | $64,408.94 | $2,440.38 | $66,849.32 | $644,089.39 |
| 9 | 3/15/2018 | $64,408.94 | $2,003.83 | $66,412.77 | $579,680.45 |
| 10 | 4/15/2018 | $64,408.94 | $1,996.68 | $66,405.62 | $515,271.51 |
| 11 | 5/15/2018 | $64,408.94 | $1,717.57 | $66,126.51 | $450,862.57 |
| 12 | 6/15/2018 | $64,408.94 | $1,552.97 | $65,961.91 | $386,453.63 |
| 13 | 7/15/2018 | $64,408.94 | $1,288.18 | $65,697.12 | $322,044.69 |
| 14 | 8/15/2018 | $64,408.94 | $1,109.27 | $65,518.20 | $257,635.76 |
| 15 | 9/15/2018 | $64,408.94 | $887.41 | $65,296.35 | $193,226.82 |
| 16 | 10/15/2018 | $64,408.94 | $644.09 | $65,053.03 | $128,817.88 |
| 17 | 11/15/2018 | $64,408.94 | $443.71 | $64,852.64 | $64,408.94 |
| 18 | 12/15/2018 | $64,408.94 | $214.70 | $64,623.64 | $0.00 |
| | Total | $1,344,951.96 | $33,399.61 | $1,378,351.57 | |

## EXHIBIT B

## WestRock CP, LLC Wiring Instructions

| | |
|---|---|
| Account Name: | WestRock RKT Company<br>WestRock CP, LLC |
| Financial Institution: | Wells Fargo Bank |
| Routing Transit Number (ACH, Check and Wire Routing): | 121000248 |
| Account Number: | 4844682773 |
| **Notify**: | John Stakel, Treasurer |

## EXHIBIT C

### RELEASE OF GUARANTY

For good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, WestRock CP, LLC, f/k/a RockTenn CP, LLC ("RockTenn"), hereby releases [INSERT NAME OF GUARANTOR] from and as to any and all liability, claims, actions, causes of action, suits, and demands that were created by that certain Guaranty of Payment dated September ___, 2017 in favor of RockTenn. This Release of Guaranty shall remain invalid and shall not be effective unless and until it is duly executed by an officer of WestRock CP, LLC.

Dated this _____ day of _____, 20___.

        WESTROCK CP, LLC f/k/a RockTenn CP, LLC

        By: ___UNEXECUTED SAMPLE___
        Title: _____