# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| WESTROCK CP, LLC, | ) |
| Plaintiff, | ) |
| v. | ) |
| JAMES C. JUSTICE COMPANIES, INC., SOUTHERN COAL CORPORATION, and KENTUCKY FUEL CORPORATION, | ) CIVIL ACTION<br>) FILE NO. 1:17-CV-4497-AT |
| Defendants. | ) |

## JOINT PRELIMINARY REPORT AND DISCOVERY PLAN

**1.  Description of Case:**

(a) Describe briefly the nature of this action.

This is a cause of action against Defendants for breaches of those certain Guaranty of Payments (the "Guaranties") executed by Defendants in connection with a Settlement Agreement reached after WestRock received a judgment in its favor and against Southern Coal Sales Corporation ("SCSC") after a jury trial in the United States District Court for the Eastern District of Kentucky in Case No. 6:15-cv-00018-DCR (the "Kentucky Action"). Defendants have filed an Answer each admitting liability under their respective Guaranties.

(b) Summarize, in the space provided below, the facts of this case. The summary should not be argumentative nor recite evidence.

In its Complaint for Damages (ECF No. 1) (the "Complaint"), Plaintiff WestRock CP, LLC ("WestRock") alleges that after obtaining a judgment in its favor and against SCSC, WestRock and SCSC entered into that certain Settlement Agreement. As part of, and to induce WestRock to enter into, the Settlement Agreement, Defendants each agreed to unconditionally guarantee SCSC's obligations to WestRock and in accordance with the terms of the Guaranties. SCSC made its first three payments under the Settlement Agreement. When SCSC failed to pay the fourth scheduled payment due on October 16, 2017, WestRock sent notice of the default to SCSC with an opportunity to cure the default. When SCSC failed to cure its default, WestRock made demand for payment upon each of the Defendants (i.e. the guarantors under the Guaranties). WestRock initiated the instant action to recover from Defendants the amounts owed under the Settlement Agreement and Guaranties. Defendants filed an Answer (ECF No. 9) and admit liability under the Guaranties.

(c) The legal issues to be tried are as follows:

The amounts owed by Defendants to WestRock under the Guaranties.

(d) The cases listed below (include both style and action number) are:

    (1) Pending Related Cases: None.

    (2) Previously Adjudicated Related Cases: None.

**2. This case is complex because it possesses one or more of the features listed below (please check):**

\_\_\_\_\_ (1) Unusually large number of parties

\_\_\_\_\_ (2) Unusually large number of claims or defenses

\_\_\_\_\_ (3) Factual issues are exceptionally complex

\_\_\_\_\_ (4) Greater than normal volume of evidence

\_\_\_\_\_ (5) Extended discovery period is needed

\_\_\_\_\_ (6) Problems locating or preserving evidence

\_\_\_\_\_ (7) Pending parallel investigations or action by government

\_\_\_\_\_ (8) Multiple use of experts

\_\_\_\_\_ (9) Need for discovery outside United States boundaries

\_\_\_\_\_ (10) Existence of highly technical issues and proof

\_\_\_\_\_ (11) Unusually complex discovery of electronically stored information

**3. Counsel:**

The following individually-named attorneys are hereby designated as lead counsel for the parties:

Plaintiff:

John O'Shea Sullivan, Esq.

Defendant:

Aaron Houchens, Esq. and Michael DiOrio, Esq.

**4. Jurisdiction:**

Is there any question regarding this Court's jurisdiction?

\_\_\_\_Yes **x** **No**

If "yes," please attach a statement, not to exceed one page, explaining the jurisdictional objection. When there are multiple claims, identify and discuss separately

the claim(s) on which the objection is based. Each objection should be supported by authority.

**5.    Parties to This Action:**

(a) The following persons are necessary parties who have not been joined:

None known at this time.

(b) The following persons are improperly joined as parties:

None.

(c) The names of the following parties are either inaccurately stated or necessary portions of their names are omitted:

None.

(d) The parties shall have a continuing duty to inform the Court of any contentions regarding unnamed parties necessary to this action or any contentions regarding misjoinder of parties or errors in the statement of a party's name.

**6.    Amendments to the Pleadings:**

Amended and supplemental pleadings must be filed in accordance with the time limitations and other provisions of Fed.R.Civ.P. 15. Further instructions regarding amendments are contained in LR 15.

(a) List separately any amendments to the pleadings that the parties anticipate will be necessary:

None at this time.

(b) Amendments to the pleadings submitted LATER THAN THIRTY DAYS after the Joint Preliminary Report and Discovery Plan is filed, or should have been filed, will not be accepted for filing, unless otherwise permitted by law.

**7.    Filing Times For Motions:**

All motions should be filed as soon as possible. The local rules set specific filing limits for some motions. These times are restated below. All other motions must be filed WITHIN THIRTY DAYS after the beginning of discovery, unless the filing party has obtained prior permission of the court to file later. Local Rule 7.1A(2).

(a) Motions to Compel: <u>None anticipated at this time, but if a party chooses to file a Motion to Compel, such motion must be filed on or before February 16, 2018.</u>

(b) Summary Judgment Motions: <u>On or before February 16, 2018</u> (this deadline may be extended by agreement of the parties and/or leave of Court for good cause shown)

(c) Other Limited Motions: <u>None anticipated at this time</u>.

(d) Motions Objecting to Expert Testimony: <u>None anticipated at this time</u>.

**8. Initial Disclosures:**

The parties are required to serve initial disclosures in accordance with Fed.R.Civ.P. 26. If any party objects that initial disclosures are not appropriate, state the party and basis for the party's objection. NOTE: Your initial disclosures should include electronically stored in formation. Refer to Fed.R.Civ.P. 26(a)(1)(B).

<u>The parties are actively working on an agreeable resolution to the instant dispute.</u>

<u>All parties have waived the right to obtain initial disclosures in this case.</u>

**9. Request for Scheduling Conference:**

Does any party request a scheduling conference with the Court? If so, please state the issues which could be addressed and the position of each party.

<u>The Parties do not request to schedule a scheduling conference with the Court at</u>

<u>this time.</u>

**10. Discovery Period:**

The discovery period commences thirty days after the appearance of the first defendant by answer to the complaint. As stated in LR 26.2A, responses to initiated discovery must be completed before expiration of the assigned discovery period.

Cases in this Court are assigned to one of the following three discovery tracks: (a) zero month discovery period, (b) four months discovery period, and (c) eight months discovery period. A chart showing the assignment of cases to a discovery track by filing

category is contained in Appendix F. The track to which a particular case is assigned is also stamped on the complaint and service copies of the complaint at the time of filing. Please state below the subjects on which discovery may be needed:

<u>In light of the undisputed issues involved in this case, and in an effort to focus on resolving this dispute, the Parties have agreed to waive the need for discovery. However, during the pendency of this matter, should a party wish to engage in discovery, all discovery must be complete by on or before February 16, 2018.</u>

If the parties anticipate that additional time beyond that allowed by the assigned discovery track will be needed to complete discovery or that discovery should be conducted in phases or be limited to or focused upon particular issues, please state those reasons in detail below:

<u>N/A.</u>

**11. Discovery Limitation and Discovery of Electronically Stored Information:**

(a) What changes should be made in the limitations on discovery imposed under the Federal Rules of Civil Procedure or Local Rules of this Court, and what other limitations should be imposed?

<u>N/A.</u>

(b) Is any party seeking discovery of electronically stored information?

\_\_\_\_ Yes **\_X\_\_\_\_ No**

If "yes,"

(1) The parties have discussed the sources and scope of the production of electronically stored information and have agreed to limit the scope of production (e.g., accessibility, search terms, date limitations, or key witnesses) as follows:

<u>N/A.</u>

6

(2) The parties have discussed the format for the production of electronically stored information (e.g., Tagged Image File Format (TIFF or .TIF files), Portable Document Format (PDF), or native), method of production (e.g., paper or disk), and the inclusion or exclusion and use of metadata, and have agreed as follows:

N/A.

In the absence of agreement on issues regarding discovery of electronically stored information, the parties shall request a scheduling conference in paragraph 9 hereof.

**12. Other Orders:**

What other orders do the parties think that the Court should enter under Rule 26(c) or under Rule 16(b) and (c)?

None.

**13. Settlement Potential:**

(a) Lead counsel for the parties certify by their signatures below that they conducted a Rule 26(f) conference that was held December 20, 2017, and that they participated in settlement discussions. Other persons who participated in the settlement discussions are listed according to party.

For Plaintiff: Lead counsel (signature): /s/ John O'Shea Sullivan

Other participants: None

For Defendant: Lead counsel (signature): /s/ Aaron Houchens and /s/ Michael DiOrio

Other participants: None

(b) All parties were promptly informed of all offers of settlement and following discussion by all counsel, it appears that there is now:

(___X___) **A possibility of settlement before discovery.**

(_____) A possibility of settlement after discovery.

(_____) A possibility of settlement, but a conference with the judge is needed.

(_____) No possibility of settlement.

(c) Counsel **(__X____) do** or (_____) do not intend to hold additional settlement conferences among themselves prior to the close of discovery. The proposed date of the next settlement conference is to be determined.

(d) The following specific problems have created a hindrance to settlement of this case.

None at this time.

**14**. **Trial by Magistrate Judge:**

Note: Trial before a Magistrate Judge will be by jury trial if a party is otherwise entitled to a jury trial.

(a) The parties (_____) do consent to having this case tried before a magistrate judge of this Court. A completed Consent to Jurisdiction by a United States Magistrate Judge form has been submitted to the clerk of court this _____ day _____, of 20___.

**(b) The parties (__x____) do not consent to having this case tried before a magistrate judge of this Court.**

Respectfully submitted this 4th day of January, 2018.

| | |
|---|---|
| s/Tala Amirfazli | s/Aaron Houchens (with express permission /TA) |
| John O'Shea Sullivan | Wade K. Copeland |
| Georgia Bar No. 691305 | Georgia Bar No. 186862 |
| ssullivan@burr.com | wcopeland@carlockcopeland.com |
| Tala Amirfazli | Michael P. DiOrio |
| Georgia Bar No. 523890 | Georgia Bar No. 647866 |
| tamirfazli@burr.com | mdiorio@carlockcopeland.com |
| BURR & FORMAN LLP | CARLOCK, COPELAND & STAIR, LLP |
| 171 Seventeenth Street, N.W. | 191 Peachtree Street, N.E. |
| Suite 1100 | Suite 3600 |
| Atlanta, Georgia 30363 | Atlanta, Georgia 30303 |
| Telephone: (404) 815-3000 | Telephone: (404) 522-8220 |
| Facsimile: (404) 817-3244 | |
| *Attorneys for Plaintiff WestRock CP,* | |

8

NJ01\PollBr\248242.1

*LLC*

Aaron B. Houchens (*admitted pro hac vice*)
ahouchens@shg-law.com
STANLEY & HOUCHENS, LLC
113 East Main Street,
Salem, Virginia 24153
Telephone: (540) 389-4498

*Attorneys for Defendants*

* * * * * * * * * * * *

## **SCHEDULING ORDER**

     Upon review of the information contained in the Joint Preliminary Report and Discovery Plan form completed and filed by the parties, the Court orders that the time limits for adding parties, amending the pleadings, filing motions, completing discovery, and discussing settlement are as set out in the Federal Rules of Civil Procedure and the Local Rules of this Court, except as herein modified:

_____

_____

     IT IS SO ORDERED, this _____ day of _____, 2018.

                                                                     _____

                                                                       UNITED STATES DISTRICT JUDGE

## CERTIFICATION OF COUNSEL

I hereby certify that the foregoing **JOINT PRELIMINARY REPORT AND DISCOVERY PLAN** has been prepared with Times New Roman, 14 point font, one of the font point selections approved by the Court in LR 5.1C.

>/s/ Tala Amirfazli
> Tala Amirfazli
> Georgia Bar No. 523890
> tamirfazli@burr.com

**BURR & FORMAN, LLP**
171 Seventeenth Street, NW
Suite 1100
Atlanta, Georgia  30363
Telephone:  (404) 815-3000
Facsimile:  (404) 817-3244

## CERTIFICATE OF SERVICE

I hereby certify that on this 4th day of January 2018, I electronically filed the foregoing **JOINT PRELIMINARY REPORT AND DISCOVERY PLAN** with the Clerk of Court using the CM/ECF system, which will automatically send email notification of such filing to the following attorneys of record:

Wade K. Copeland
Michael P. DiOrio
CARLOCK, COPELAND & STAIR, LLP
191 Peachtree Street, N.E.
Suite 3600
Atlanta, Georgia 30303

Aaron B. Houchens
STANLEY & HOUCHENS, LLC
113 East Main Street,
Salem, Virginia 24153

/s/ Tala Amirfazli
Tala Amirfazli
Georgia Bar No. 523890
tamirfazli@burr.com

**BURR & FORMAN LLP**
171 Seventeenth Street, N.W.
Suite 1100
Atlanta, Georgia 30363
Telephone: (404) 815-3000
Facsimile: (404) 817-3244

12

NJ01\PollBr\248242.1